# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CR-17-268-M |
| PHILLIP OLIVATES, | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion to Suppress Evidence Obtained as a Result of an Illegal Search and Seizure, filed December 19, 2017. On December 28, 2017, the government filed its response. On January 26, 2018, the Court conducted an evidentiary hearing on defendant's motion to suppress.

I. <u>Factual Background</u>[1]

On Tuesday, October 17, 2017, at approximately 9:20 p.m., Officer Hayden Young with the Anadarko Police Department was dispatched following a 911 call from Edward Dalton. Mr. Dalton was a citizen who had been parked at the Valero gas station, located in the 500 block of East Central in Anadarko. Mr. Dalton reported that two men had been arguing in the parking lot at the Valero and that one of the men had a gun. Upon further questioning by the 911 dispatcher, Mr. Dalton stated that the man did not show the gun to anyone but that the gun was in his back pocket. Mr. Dalton further reported that the man with the gun went into the Valero, made a purchase, got in a white Chevy Impala with Apache Tribal tag number ATC4104, and was heading westbound on Central.

---

[1] This factual background is based upon the testimony presented and exhibits admitted at the January 26, 2018 hearing.

While Officer Young was on his way to the Valero, he saw a white Chevy Impala traveling west on Central. Officer Young turned his car around, got behind the vehicle, and confirmed the license tag on the vehicle was the same as that reported in the 911 call. While traveling behind the Chevy Impala, Officer Young did not observe any traffic violations. Officer Young activated both his lights and sirens, and the Chevy Impala stopped at 5th Street and West Virginia. Officer Young testified that he stopped the vehicle solely based on what the dispatcher had told him about the 911 call. Officer Young further testified that he did not know who was driving the Chevy Impala at the time he stopped it.

Officer Young instructed the driver to turn the vehicle off, remove the keys, drop them on the ground outside the vehicle, and keep both hands outside the driver's side window. Defendant was the driver of the vehicle, and there were no passengers. Defendant complied with Officer Young's instructions. Officer Young then instructed defendant to get out of the vehicle, which he did. Officer Young patted defendant down for weapons and did not locate a firearm on his person. After patting down defendant, Officer Young asked defendant what happened at the Valero. Defendant told Officer Young there was no altercation at the Valero and there was no gun. During the stop, Officer Young observed defendant had red, watery eyes, slurred speech, was unsteady on his feet, and had an odor commonly associated with the consumption of alcohol on his breath and person.

Officer Young had defendant stand at the rear of the vehicle with two other officers who had arrived on the scene while he conducted a search of the area within reach of the driver. While searching the vehicle, Officer Young located a loaded Hi-Point Model C-9 9 mm handgun, a

magazine that fit the gun, and seven 9mm rounds near the rear of the front passenger seat.[2] Officer Young placed defendant under arrest for driving under the influence and transported him to the Anadarko Municipal Jail, where defendant was charged with driving under the influence of alcohol, transporting a loaded firearm, and possession of a firearm after a felony conviction.

II.     Discussion

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *Whren v. United States*, 517 U.S. 806, 809-10 (1996).

> In *Terry v. Ohio*, the Supreme Court established that a law enforcement officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to arrest. An investigatory detention is justified at its inception if the specific and articulable facts and rational inferences drawn from those facts give rise to a reasonable suspicion a person has or is committing a crime. Although [r]easonable suspicion requires the officer to act on something more than an inchoate and unparticularized suspicion or hunch, the level of suspicion required for reasonable suspicion is considerably less than proof by a preponderance of the evidence or that required for probable cause.
>
> In determining whether reasonable suspicion exists, we look to the "totality of the circumstances," rather than assessing each factor or piece of evidence in isolation. Additionally, we need not rule out the possibility of innocent conduct, and reasonable suspicion may exist even if it is more likely than not that the individual is not involved in any illegality. All reasonable suspicion requires is some minimal level of objective justification.

*United States v. McHugh*, 639 F.3d 1250, 1255-56 (10th Cir. 2011) (internal quotations and citations omitted).

---

[2] Upon review of the video from the body cam worn by Officer Young during the stop, it appears that Officer Young searched outside the area within reach of the driver before he found either the firearm or the ammunition.

3

Having heard the evidence presented at the hearing, and considering the totality of the circumstances, the Court finds that the stop of defendant's vehicle by Officer Young was not supported by reasonable suspicion that defendant had or was committing a crime. Officer Young testified that the only reason he stopped defendant's vehicle was the information he had been provided regarding the 911 call. The information provided by Mr. Dalton in his 911 call, however, does not indicate in any way that any crime had been committed by defendant at the Valero.[3] It is not a crime to argue with someone in a parking lot, and in Oklahoma, it is not a crime to carry a gun in your back pocket.[4] *See* Oklahoma Self-Defense Act, Okla. Stat. tit. 21, § 1290.1, *et seq.* Accordingly, the Court finds that the stop of defendant's vehicle by Officer Young violated the Fourth Amendment. As the search of defendant's vehicle flowed from the illegal stop of defendant's vehicle, the Court finds that all items found during the search should be suppressed.

III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendant's Motion to Suppress Evidence Obtained as a Result of an Illegal Search and Seizure [docket no. 14].

**IT IS SO ORDERED this 1st day of February, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3] For purposes of this Order, the Court assumes that Mr. Dalton was a credible informant.
[4] At the time Officer Young stopped defendant's vehicle, Officer Young did not know who was driving the vehicle and had no reason to suspect that a convicted felon was driving the vehicle.

4